UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKIM R. HASAN, | No. 2:19-cv-0963 DB P |
| Petitioner, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a former prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. Petitioner challenges his 2018 conviction in the Sacramento County Superior Court. (ECF No. 1 at 1.) Petitioner claims he was forced to enter a nolo contendere plea and that DNA evidence proves he is innocent. Presently before the court is petitioner's petition for screening.

**SCREENING**

**I.  Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

////

**II.     Exhaustion**

There is not question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1983, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). The court may, but is not required to, raise the issue of exhaustion sue sponte. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (per curium); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Failure to present claims for federal relief to the California Supreme Court will result in dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154; see also Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

////

Upon review of the instant petition, it appears that petitioner has not presented his claims to the highest state court, the California Supreme Court. Petitioner states he has filed appeals in the Sacramento court and California Court of Appeal for the Third Appellate District. (ECF No. 1 at 2-6.) However, he has not indicated whether he presented any of his claims to the Supreme Court of California. Petitioner must inform the court if, in fact, his claims have been presented to the California Supreme Court, and if possible, provide the court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court. If petitioner has not exhausted any of his claims, the petition must be dismissed without prejudice for failure to exhaust state court remedies.

## CONCLUSION

Accordingly, petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the court whether his claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order. Petitioner is advised that failure to comply with this order will result in recommendation that this action be dismissed pursuant to Local Rule 110.

Dated: August 8, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/hasa0963.scrn.exh

3