UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKIM R. HASAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. 2:19-cv-0963 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner appears to be a former prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2018 conviction in the Sacramento County Superior Court. (ECF No. 1 at 1.) By order dated August 9, 2019, the court directed petitioner to show cause in writing why this case should not be dismissed for failure to properly exhaust state remedies. (ECF No. 4.) For the reasons set forth below the court will recommend that the petition be dismissed.

**EXHAUSTION**

**I.　　Order to Show Cause and Response**

Petitioner seeks to challenge his 2018 conviction in the Sacramento Superior Court. (ECF No. 1 at 1.) Upon screening the petition, the court determined that it appeared petitioner had not fully exhausted his claims by presenting them to the California Supreme Court. (ECF No. 4.)

////

The court granted petitioner thirty days to show in writing that he had exhausted state court remedies. Thereafter, petitioner filed a document reiterating the allegations in the petition along with roughly sixty pages of documents related to the state court criminal proceedings he seeks to challenge. (ECF No. 5.)

**II.  Analysis**

Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curium); Rollins v. Superior Court of L.A., 706 F.Supp.2d 1008, 1011 (C.D. Cal. 2010). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Fracisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curium), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987). Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

The petition (ECF No. 1), exhibits, (ECF No. 3), and the response to the order to show cause (ECF No. 5) fail to show that petitioner's claim has been presented to and disposed of by the California Supreme Court. Further, the court may take judicial notice of court records, and the California Supreme Court records,[1] reflect that petitioner has not sought any relief from the California Supreme Court or any other California Appellate court. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). Accordingly, the court concludes that petitioner has not presented his claims in the petition to the California Supreme Court. Consequently, it appears that petitioner's claims are unexhausted. Because petitioner has not exhausted the court must

////

---

[1] The records are available at https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party.

dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

**CUSTODY REQUIREMENT**

Even if petitioner had shown he exhausted state court remedies, he may only proceed with a federal habeas corpus petition under 28 U.S.C. § 2254 if he is "in custody." See 28 U.S.C. §§ 2241(c), 2254(a). If petitioner has already served his sentence, then he is not "in custody" and federal habeas relief is not available to him. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curium) (a petitioner is not "in custody" for purposes of habeas relief if his sentence has fully expired); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010).

Based on the address provided and the length of petitioner's sentence, it appears that he is no longer in custody. Accordingly, it is likely that petitioner cannot meet the in custody requirement and therefore the court cannot grant the habeas relief sought in this action.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that that the Clerk of the Court is directed to randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Failure to file objections within the specified time may

////

////

waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2019

```
_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE
```

DLB:12
DLB:1/Orders/Prisoner/Habeas/hasa0963.exh.fr

4